UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

---

ANNETTE FEGGINS,

              PLAINTIFF,

V.

COUNTY OF NIAGARA, DEPARTMENT OF SOCIAL SERVICES

              DEFENDANT.

Civil Action No.

Jury Trial Demanded

---

## COMPLAINT

Plaintiff, Annette Feggins, alleges as follows:

### THE PARTIES

1. The Plaintiff, Annette Feggins, is a natural person, female, and African-American with a place of residence at 1886 Linwood Avenue, Niagara Falls, New York.

2. The Defendant, Niagara County Department of Social Services, is an agency of Niagara County New York with its principal offices at 301 Tenth Street, Niagara Falls, New York 14303.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over the Plaintiff's pendant state law claims is conferred by 28 U.S.C. § 1367.

4. When, as here, a Plaintiff is bringing an action under the Family Medical Leave Act a Plaintiff may bring an action in "any Federal or State court of competent jurisdiction" (29 U.S.C. 2617 (a)(2).

5. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff lives in the Western District of New York, Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

## TIMELINESS

6. The Plaintiff has two years from the date of the violation to bring a claim in federal court. 29 U.S.C. 2617(c)(1) The limitation is extended to three years if the actions of the employer were willful. 29 U.S.C. 2617(c)(2). In the instant matter the Plaintiff alleges the earliest act of retaliation as November 9, 2016.

## FACTUAL BACKGROUND

### General Background

7. Plaintiff is an African-American female and is over fifty five years of age.

8. The Plaintiff began working for the Defendant, County of Niagara, Department of Social Services in 1990.

9. The Plaintiff retired from the Department of Social Services on April 28, 2018.

10. In her twenty-eight years with the Defendant the Plaintiff received a few "write ups," approximately six in all.

### Actionable Events

11. In 2016 the Plaintiff began to experience a shift in her work environment. This shift included issues of the Defendant now claiming there were errors in Plaintiff's cases, which claims the Plaintiff denied. This sudden upsurge of complaints that she was making errors was a surprise to the Plaintiff. On May 11, 2016 the Plaintiff was given a memo from her supervisor noting she was doing a good job on the April case load.

12. With the accusation of errors however, the Plaintiff was worried since it appeared agency personnel were suddenly looking through her cases.

13. On May 25, 2016 he Plaintiff went out on medical leave from which she returned on October 31, 2016. During this leave, in August 2016, the Plaintiff did apply to the Agency for FMLA time to be made retroactive to May of 2016 and supplied a physician's note. This request was granted.

14. Plaintiff returned to work on October 30, 2016.

15. On November 9, 2016, the Plaintiff was "written up" and charge with some ninety-one (91) errors in her case administration work. The Plaintiff was also charged with Neglect of Duty and Carelessness.

16. Plaintiff noted that the massive number of errors attributed to her were only over a total of sixteen working (16) days - nine (9) working days between her memo of doing a good job before her medical leave and seven (7) working days after her return to work on October 30, 2016.

17. Plaintiff maintains that she was charged with errors which she could not have made as she was out of the office when these errors occurred and could not possibly have made them.

18. Shortly thereafter the Plaintiff was taken off a "case review" program under which only fifteen of her monthly cases were reviewed by her supervisor. Instead the Plaintiff was placed in a program where all her cases were being reviewed. This was not done to any other employee in the Plaintiff's work office. Plaintiff did note that other employees and even supervisors were making errors as she was being accused of, but were not being reviewed.

19. Other restrictions on the Plaintiff included reducing her hours of time at the office by being told she could not come in to work early and that she had to be out of the building by four in the afternoon.

20. In January 2017 the Plaintiff noted that she was receiving an increased case load, having to respond to emergency calls which required her to leave her desk, and help clients with cases.

21. Also in January 2017 there was an update of the Defendant's email system. The Plaintiff noticed that many of her emails were deleted, including emails regarding the heightened scrutiny of the Plaintiff. Plaintiff maintains that no other employees in her section suffered such deletions. Plaintiff notes this deletion coincides with a write up she had received and about which she had emailed her supervisors to protest.

22. These computer issues continued through May of 2017. Plaintiff repeatedly indicated to the Defendant that she did not make some of the errors being attributed to her and she requested copies of the memos that were supposedly given to her. Plaintiff was told that she could not get copies of memos because she had already received them and had lost them.

23. On May 12, 2017 after reviewing cases on her desk and on her task list the Plaintiff noticed several in discrepancies and sent a memo identifying multiple issues to her supervisor.

24. At this time her work place was so stressful that the Plaintiff was taken off work by her physician.

### FIRST CAUSE OF ACTION:
### Retaliation in Violation of the Family Medical Leave Act
### 29 U.S.C. § 2601 et. seq.

25. Plaintiff has shown that she exercised rights protected under the FMLA; (2) was qualified for hers position; (3) that suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) in *Skates v. Inc. Vill. of Freeport*, 265 F. Supp. 3d 222, 241 (2017 E.D.N.Y).

26. The Defendant's actions against the Plaintiff upon her return to work from FMLA were such as to dissuade another person from exercising their rights under the family medical leave act and indeed, were so severe and pervasive as to cause the Plaintiff to retire early.

**WHEREFORE**, Plaintiff respectfully requests from this Court the following relief:

A. A judgment that the defendant violated the Plaintiff's rights under the Family Medical Leave Act and Awarding the Plaintiff restitution for her lost wages and a like amount in liquidated damages.

B. Defendant to pay all medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination he suffered and the failure to accommodate his disabilities, including any and all diagnostic analysis, treatment and therapy, and follow up therapy.

C. Defendant to pay Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees;

D. Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly trial by jury in this action.

Dated:        October 31, 2018

Respectfully Submitted,
Plaintiff
By Her Attorneys

| | |
|---|---|
| **/s/  Lindy Korn** | **/s/ Charles L. Miller, II** |
| LINDY KORN, ESQ. | CHARLES L. MILLER, II, ESQ. |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Law Office of Lindy Korn, PLLC | Law Office of Lindy Korn, PLLC |
| Electric Tower, Ninth Floor | Electric Tower, Ninth Floor |
| 535 Washington Street | 535 Washington Street |
| Buffalo, New York 14203 | Buffalo, New York 14203 |
| 716-856-5676 | 716-856-5676 |
| 716-507-8475 (facsimile) | 716-507-8475 (facsimile) |
| E-Mail: lkorn@lkorn-law.com | E-mail: cmiller@lkorn-law.com |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

---

ANNETTE FEGGINS,

                PLAINTIFF,

V.

COUNTY OF NIAGARA, DEPARTMENT OF
SOCIAL SERVICES

                DEFENDANT.

**VERIFICATION**

---

Plaintiff, Annette Feggins, under penalty of perjury, deposes and says:

I have read the attached Complaint captioned in this matter and find it to be true to my personal knowledge, except as to matters alleged upon information and belief, which I believe to be true.

_____
Annette Feggins

Sworn before me on this 30th day of October, 2018

_____
Signature of Notary Public

LINDY SUE KORN
Notary Public, State of New York
Registration #02KO4700780
Qualified In Erie County
Commission Expires June 30, 20__

7